**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| THOMAS V. KARAGIANNIS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALLCARE DENTAL MANAGEMENT, )<br>LLC, ALLCARE DENTAL & DENTURES )<br>OF ILLINOIS - BATES DDS PC, d/b/a )<br>Allcare Dental and Dentures, )<br>)<br>Defendants. ) | Case No. 10-2085 |

# REPORT AND RECOMMENDATION

In April 2010, Plaintiff Thomas V. Karagiannis filed a Complaint (#1) against Defendants Allcare Dental Management, LLC, and Allcare Dental & Dentures of Illinois - Bates DDS, P.C., alleging a violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621, *et seq.*) (hereinafter "ADEA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of federal law.

In May 2010, Defendants filed Defendants' 12(b)(6) Motion To Dismiss the Complaint (#11). Plaintiff subsequently filed Plaintiff's Response to Defendant's Motion To Dismiss Complaint (#19). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' 12(b)(6) Motion To Dismiss the Complaint **(#11)** be **DENIED**.

## I. Background

The following background is taken from the complaint. Plaintiff Thomas V. Karagiannis is a former employee of Defendants, having practiced dentistry at Allcare Dental & Dentures of Illinois. (#1, ¶ 5.) Plaintiff brings suit against Allcare Dental & Dentures of Illinois - Bates DDS, P.C., and Allcare Dental Management, LLC, d/b/a Allcare Dental & Dentures (hereinafter "Allcare"). Both entities are organized and existing under the laws of the State of Illinois, and

each entity has a place of business in Illinois and a corporate headquarters in the State of New York. (#1, ¶ 7-8.) Plaintiff's suit alleges a violation of the ADEA.

Plaintiff was born on July 17, 1959, and thus he is in a category protected against discrimination because of age under the ADEA. (#1, ¶ 6.) Plaintiff was terminated on August 23, 2007. (#1, ¶ 12.) Plaintiff alleges that he was unlawfully terminated because of his age, and similarly-situated younger individuals were not treated in a similar fashion. (#1, ¶ 13.) Plaintiff further alleges the discriminatory misconduct was the result of a willful or intentional effort on the part of Allcare to discriminate against Plaintiff because of his age. (#1, ¶ 14.)

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading

standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

### III. Analysis

Defendants argue that the Court should dismiss Plaintiff's complaint for failure to state a claim. Defendants assert that Plaintiff has failed to comply with the pleading standard set forth in Federal Rule of Civil Procedure 8 (hereinafter "Rule 8"), as interpreted by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and its progeny. Specifically, Defendants argue that portions of Plaintiff's complaint merely recite elements of a prima facie case of age discrimination.

In *Iqbal*, the Supreme Court stated that the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Furthermore, the Court stated that a complaint must state a plausible claim for relief to survive a motion to dismiss. *Id.* at 1950.

The Seventh Circuit has clarified pleading standards, in light of *Iqbal*, as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

Conclusory legal statements in complaints are a concern for two reasons: they fail to indicate the plausibility of the claim, and they fail to add to the notice to defendants that Rule 8 demands. *Swanson v. Citibank, N.A.*, No. 10-1122, 2010 WL 2977297, at *3 (7th Cir. July 30, 2010). First, addressing plausibility, the plausability standard is not akin to a probability

requirement. *Id.* at *3 (citing *Iqbal*, 129 S.Ct. at 1949). A court will ask itself whether the plaintiff's allegations could have happened, not whether they did happen. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950. The height of the pleading requirement is relative to the circumstances, considering factors such as the complexity of a case. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). The Seventh Circuit has indicated that in a straightforward discrimination case, it may be enough to merely identify the type of discrimination that allegedly occurred, by whom, and when. *Swanson*, 2010 WL 2977297, at *4.

The second reason that conclusory legal statements in complaints are a concern is that they fail to add to the notice to defendants that Rule 8 demands. *Swanson*, 2010 WL 2977297, at *3. The opposing party is entitled to fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved. *Id.* at *2 (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215 (3d ed. 2004)). The plaintiff's statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Specific facts are not necessary. *Id.*

Applying this discussion to Defendants' motion, the first question is whether Plaintiff's complaint contains conclusory legal statements, such that the court is not required to accept those statements as true. This Court notes that portions of Plaintiff's complaint merely recite elements required to be set forth in a prima facie case of age discrimination. For example, Plaintiff alleges that his termination was "unlawful because he was terminated because of his age. Further, similarly situated younger individuals were not treated in a similar fashion by the Defendant and its affiliates." (#1, ¶13.)

Given that Plaintiff's complaint contains conclusory legal statements, the second question is whether Plaintiff's complaint is adequate under the standards of Rule 8. The Seventh Circuit has indicated that, in straightforward discrimination cases, it may be enough to identify

the type of discrimination alleged, by whom, and when the discrimination occurred. *Swanson,* 2010 WL 2977297, at *4. Here, Plaintiff's discrimination claim is very straightforward, involving a single claim concerning termination of Plaintiff's employment. Plaintiff has indicated that his claim is based on age discrimination in violation of ADEA, and that this alleged discrimination occurred in connection with his employment by Allcare and his termination in August 2007. Plaintiff has thus stated a plausible claim for relief, and has provided Defendants with notice of the claim and the grounds upon which it rests. Plaintiff's complaint thus satisfies the requirements of Rule 8.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendants' 12(b)(6) Motion To Dismiss the Complaint **(#11)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTERED this 26th day of August, 2010.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE