**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

_____

| | |
|---|---|
| THOMAS V. KARAGIANNIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-2085 |
| ) | |
| ALLCARE DENTAL MANAGEMENT, LLC; ) | |
| ALLCARE DENTAL & DENTURES OF ) | |
| ILLINOIS - BATES DDS, P.C., d/b/a Allcare ) | |
| Dental & Dentures, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#31) filed by Defendants, Allcare Dental Management, LLC, and Allcare Dental & Dentures of Illinois - Bates DDS, P.C. d/b/a/ Allcare Dental & Dentures (collectively referred to as "Allcare"). This court has carefully reviewed the arguments of the parties and the documents filed by the parties. Following this careful and thorough review, Allcare's Motion for Summary Judgment (#31) is GRANTED.

FACTS[1]

In April 2007, Plaintiff, Thomas V. Karagiannis, began working for Allcare as the co-managing clinical director of its Bradley, Illinois office. Plaintiff was 47 years old when he was hired and had approximately 19 years of experience in dentistry, which was a factor in his selection by Allcare. Around the same time, Allcare also hired Dr. Patrick Conaghan to be the other co-managing clinical director for the Bradley office. Dr. Conaghan was 44 years old and his level of

---

[1] The facts are taken from Allcare's statement of undisputed facts and the documents submitted by the parties, including affidavits and the transcript of Plaintiff's deposition. This court has only included facts which are adequately supported by evidence in the record.

experience was similar to that of Plaintiff. Both Plaintiff and Dr. Conaghan were eligible to receive bonus monies based upon the performance of the Bradley office.

At some point, Dr. Conaghan became concerned that Plaintiff presented a malpractice risk to Allcare because of his treatment practices. This concern developed based upon Dr. Conaghan's observations of Plaintiff while treating patients as well as his review of patient charts. Dr. Conaghan frequently observed the work of Plaintiff when he became involved with a shared patient who was also worked on by Plaintiff. Dr. Conaghan observed that many of Plaintiff's diagnoses were incorrect and his impressions and bite registrations were poor. Dr. Conaghan also observed Plaintiff dislocate a patient's jaw and perforate the root of another patient. According to Plaintiff, Dr. Conaghan questioned him in front of patients regarding his restorative work on a few occasions. In his discussions with Plaintiff, Dr. Conaghan did not mention Plaintiff's age. Plaintiff claims Dr. Conaghan harassed him. Plaintiff testified at his deposition, however, that Dr. Conaghan did not harass him about his age but, instead, the harassment was motivated by Dr. Conaghan's desire to collect Plaintiff's share of the bonus pool.

Dr. Conaghan expressed his concerns about Plaintiff's negligent care and treatment of patients to Allcare's management. Dr. Tara Zrinyi, Allcare's Regional Managing Clinical Director, conducted an on-site investigation of Plaintiff's patient records. Based upon Dr. Zrinyi's findings, Allcare believed Plaintiff's treatment of patients exposed it to potential malpractice claims. Allcare decided to terminate Plaintiff's employment. It is undisputed that, on August 23, 2007, Plaintiff was presented with Dr. Zrinyi's findings and, based solely on those findings, was offered the choice of voluntary resignation or termination. Plaintiff chose to resign on August 23, 2007. Plaintiff was 48 years old. A few weeks after the termination of Plaintiff's employment, Allcare hired Dr. Patricia

Tarallo, a 44-year-old dentist with over 15 years' experience, to replace him.

PROCEDURAL HISTORY

On March 17, 2008, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (EEOC). Plaintiff alleged that he was discriminated against because of his age, 48, in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA). On January 14, 2010, the EEOC sent Plaintiff a Notice of Right to Sue. On April 12, 2010, Plaintiff filed his Complaint (#1) in this court. Plaintiff alleged that the termination of his employment violated the ADEA because he was terminated because of his age.

On May 31, 2011, Allcare filed a Motion for Summary Judgment (#31) and attached supporting exhibits. Allcare argued that it is entitled to summary judgment because Plaintiff cannot set forth a prima facie case of age discrimination nor can he show that Allcare's reason for termination was pretextual.

On July 8, 2011, Plaintiff filed a Response to Motion for Summary Judgment (#34). Plaintiff argued that summary judgment is inappropriate because there "are facts Plaintiff directly disputes." Plaintiff stated that he disputed various facts listed in Allcare's statement of undisputed facts. For example, Plaintiff denied that Dr. Conaghan observed poor treatment of patients by Plaintiff and denied that Allcare decided to terminate Plaintiff's employment based upon Dr. Zinryi's findings which Allcare believed exposed it to potential malpractice claims. Plaintiff did not cite to any evidentiary support for his denials.

On July 22, 2011, Allcare filed its Reply (#35). Allcare pointed out that Local Rule 7.1 of the Local Rules of the Central District of Illinois provides that the party responding to a motion for

summary judgment must provide "evidentiary documentation referenced by specific page" for each individual statement of fact which is disputed. See Local R. 7.1(D)(2)(b)(2). The Rule further provides that a "failure to respond to any numbered fact will be deemed an admission of the fact." Local R. 7.1(D)(2)(b)(6). Allcare argued that all of the facts included in its statement of undisputed facts must be deemed admitted by Plaintiff. Allcare also argued that, based upon the undisputed facts, it is entitled to summary judgment on Plaintiff's age discrimination claim.

## ANALYSIS

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Singer v. Raemisch, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences which are only supported by speculation or conjecture. See Singer, 593 F.3d at 533.

The party opposing summary judgment may not rely on the allegations contained in the pleadings. Waldridge, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004).

4

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004), quoting Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007), citing Celotex Corp., 477 U.S. at 322-23.

## FACTS DEEMED ADMITTED

First of all, this court agrees with Allcare that Plaintiff did not follow Local Rule 7.1 and Allcare's statement of undisputed facts, which was supported by documentary evidence, must be deemed admitted. The Seventh Circuit has repeatedly upheld the strict enforcement of local rules and has sustained the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent local rule. See Waldridge, 24 F.3d at 922. In such a circumstance, the non-movant is deemed to have conceded the movant's version of the facts. See Waldridge, 24 F.3d at 922; Coffey v. Cox, 218 F. Supp. 2d 997, 999 n.3 (C.D. Ill. 2003). Plaintiff's denials do not cite any evidence in support and Allcare's statements of fact are deemed admitted. See Senske v. Sybase, Inc., 588 F.3d 501, 503 n.1 (7th Cir. 2009); Renta v. County of Cook, 735 F. Supp. 2d 957, 963 (N.D. Ill. 2010).

## PLAINTIFF'S ADEA CLAIM

"The ADEA prohibits an employer from discriminating against an employee because of his age." Mach v. Will County Sheriff, 580 F.3d 495, 498 (7th Cir. 2009). The ADEA protects workers who are 40 or older. 29 U.S.C. § 631(a). The United States Supreme Court has held that it is not

5

sufficient for a plaintiff in an ADEA case to show that age was a motivating factor and must, instead, demonstrate that age was the "but-for" cause of the challenged employment action. Gross v. FBL Fin. Servs., Inc., ___ U.S. ___, 129 S. Ct. 2343, 2352 (2009); see also Mach, 580 F.3d at 498.

A plaintiff can attempt to demonstrate discrimination under either the direct or indirect method of proof. Ptasznik v. St. Joseph Hosp., 464 F.3d 691, 695 (7th Cir. 2006). Plaintiff has not argued, or shown, that he can proceed under the direct method by presenting direct or circumstantial evidence of discrimination on the basis of his age. Therefore, Plaintiff must proceed using indirect proof under the burden shifting analysis from McDonald Douglas Corp. v. Green, 411 U.S. 792 (1973). See Duncan v. Fleetwood Motor Homes of Ind., Inc., 518 F.3d 486, 490 (7th Cir. 2008). To establish a prima facie case of age discrimination under the indirect method, Plaintiff must show that: (1) he was a member of the protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other similarly situated employees who were not members of his protected class or were substantially younger were treated more favorably. See Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 475 (7th Cir. 2008). In a case involving a plaintiff who was discharged and replaced, the fourth prong of the prima facie case can be met by showing that the plaintiff's replacement was substantially younger than the plaintiff. See Olson v. N. FS, Inc., 387 F.3d 632, 635-36 (7th Cir. 2004). If a plaintiff can establish all four elements of his prima facie case, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. See Hemsworth v. Quotesworth.com, Inc., 476 F.3d 487, 492 (7th Cir. 2007). If the defendant meets this burden, the plaintiff must attempt to show that the defendant's stated reasons are pretextual. Hemsworth, 476 F.3d at 492. However, if Plaintiff does not meet his burden to establish the elements of a prima facie

6

case, summary judgment is appropriate in favor of Allcare. See Hemsworth, 476 F.3d at 492.

Allcare has not contested that Plaintiff can establish the first and third prongs of his prima facie case. These elements are met because Plaintiff is over 40 years old and his employment was terminated.[2] Allcare has argued, however, that Plaintiff cannot establish the second and fourth prongs of the prima facie case. Allcare stated that it is apparent from the evidence that Plaintiff was not meeting Defendants' legitimate expectations at the time of his termination. Allcare argued that Plaintiff was terminated based on concern over his negligent treatment of patients. Allcare pointed out that the evidence shows that Dr. Conaghan became concerned that Plaintiff's treatment of patients was negligent and was jeopardizing patient safety and that, as a result of Plaintiff's treatment practices, Allcare was exposed to a risk of malpractice lawsuits. Allcare stated that Dr. Zrinyi's subsequent investigation confirmed Dr. Conaghan's concerns and Plaintiff was terminated as a result of these findings. Regarding the fourth prong, Allcare stated that the evidence shows that Plaintiff was not replaced with a "substantially younger" dentist. Plaintiff's replacement, Dr. Patricia Tarallo, was 44 years old when she was hired, only four years younger than Plaintiff.

As far as the second prong, Plaintiff has disputed that he was not meeting Allcare's legitimate expectations. He bases his argument on his own testimony that Dr. Conaghan gave Dr. Zrinyi misinformation about him. Plaintiff testified that there were never any written or verbal complaints about him made by any patient and also testified that he was given a favorable 90-day review. Plaintiff also relied on his assertion that he filed a wage claim against Allcare in the circuit court of Kankakee County based upon its failure to pay him the bonus pay he was owed. Plaintiff further

---

[2] Defendants noted that Plaintiff actually elected to voluntarily resign. They stated that, for purposes of this motion only, they concede that Plaintiff's separation from his employment satisfies that third prong of his prima facie case.

7

asserted that he was awarded $5,562.81, plus attorney's fees and costs of suit, in the circuit court. Plaintiff does not explain why his successful wage claim has any relevance to his age discrimination claim in this court. This court can only speculate that Plaintiff is trying to argue that he would not have been awarded bonus pay if he had not performed satisfactorily. In their Reply, Defendants have persuasively argued that Allcare's statements regarding Plaintiff's poor performance have been deemed admitted and must be taken as true and that his separate, unrelated action against Allcare for wages that he believed were owed to him after he was fired has absolutely nothing to do with Plaintiff's age discrimination claim. However, this court concludes that it does not need to discuss the issue of whether Plaintiff was meeting Allcare's legitimate expectations because it is clear that Plaintiff cannot establish the fourth prong of his prima facie case.

The United States Supreme Court has recognized that the prima facie case requires "*evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . . .*" O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13 (1996) (emphasis in original), quoting Teamsters v. United States, 431 U.S. 324, 358 (1977). The Court then stated:

> In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that the replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

8

O'Connor, 517 U.S. at 313. The Seventh Circuit has repeatedly recognized that "substantially younger" generally means ten years younger (or more). See Nagle v. Vill. of Calumet Park, 554 F.3d 1106, 1118 (7th Cir. 2009); Duncan, 518 F.3d at 493; Tubergen, 517 F.3d at 475 n.4 (7th Cir. 2008); Balderston v. Fairbanks Morse Engine Div. of Coltec Indus., 328 F.3d 309, 322 (7th Cir. 2003); Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 676 n.1 (7th Cir. 1997); see also Runyon v. Applied Extrusion Techs., Inc., 619 F.3d 735, 740 (7th Cir. 2010). The court in Tubergen noted that "[u]nder the ADEA, in the case of younger employees that fall above the age of forty, the age difference must be ten years or greater in order to be presumptively substantial." Tubergen, 517 F.3d at 475 n.4, citing Bennington v. Caterpillar, Inc., 275 F.3d 654, 659 (7th Cir. 2001).

Plaintiff has argued that he has met his burden by showing that he was replaced by someone younger and argued that the ten year line "is not indelible," citing E.E.O.C. v. Bd of Regents of Univ. of Wisc. Sys., 288 F.3d 296, 302 (7th Cir. 2002). In that case, however, the EEOC brought an age discrimination suit on behalf of four employees. E.E.O.C., 288 F.3d at 298-99. Some of the persons hired to replace the four employees were 10 years younger than the plaintiffs and some were not. See E.E.O.C., 288 F.3d at 302. The Seventh Circuit determined that the fact that some of the replacement employees were not 10 years younger did not undermine the jury's verdict in the EEOC's favor. The court stated that "the line we draw is not so bright as to exclude cases where the gap is smaller but evidence nevertheless reveals the employer's decision to be motivated by the plaintiff's age." E.E.O.C., 288 F.3d at 302, quoting Hartley v. Wisc. Bell, Inc., 124 F.3d 887, 893 (7th Cir. 1997). In this case, it is undisputed that Plaintiff was replaced by an employee who was over 40 and in the protected class and was only four years younger than Plaintiff. Further, Plaintiff has provided absolutely no evidence that Allcare's decision was motivated by Plaintiff's age. Therefore,

9

the case cited provides no support for Plaintiff's argument that he has met his burden to establish a prima facie case by showing that he was replaced by an employee who was four years younger.

The Seventh Circuit has held that differences of less that ten years between the plaintiff and the employees allegedly treated more favorably is not significant enough to present a prima facie case under the ADEA. See Bennington, 275 F.3d at 659 (five year difference not enough); Hartley, 124 F.3d at 893 (noting that six year and seven year difference in age between the plaintiff and employees allegedly treated more favorably was "a presumptively insubstantial gap"). Based on this clear precedent, this court concludes that Plaintiff has not established the fourth prong of the prima facie case, that he was replaced by a substantially younger employee. This court concludes that no inference of discrimination on the basis of age can be made from the fact that the 48-year-old Plaintiff was replaced by a 44-year-old employee. Plaintiff has not established a prima facie case of age discrimination and Allcare is entitled to summary judgment.

IT IS THEREFORE ORDERED THAT:

(1) Allcare's Motion for Summary Judgment (#31) is GRANTED. Judgment is entered in favor of Allcare and against Plaintiff on Plaintiff's Complaint.

(2) The final pretrial conference scheduled for September 2, 2011, at 11:00 a.m. and the jury trial scheduled for September 12, 2011, at 9:00 a.m. are hereby VACATED.

(3) This case is terminated.

ENTERED this 1st day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE